UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER JAMES IVORY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case no. 4:14cv2093 RWS/PLC |
| JAY CASSADY and CHRIS KOSTER, | ) ) ) |
| Respondents. | ) ) |

**ORDER AND REPORT AND RECOMMENDATION**

Christopher James Ivory ("Petitioner"), a Missouri prisoner, filed this habeas corpus proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b), the presiding United States District Judge referred this case to a United States Magistrate Judge for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. (Case Management Order, dated Dec. 30, 2014 [Doc 2].) The December 30 order also directed Jay Cassady and Chris Koster ("Respondents") to show cause why the relief sought in the petition should not be granted. Id.

The undersigned Magistrate Judge has under consideration Respondents' motion to set aside the show-cause order [Doc. 15], Respondents' motion to dismiss [Doc. 16], and Petitioner's motion for stay and abeyance [Doc. 22]. The undersigned recommends the dismissal without prejudice of Petitioner's two unexhausted grounds for relief. Additionally, the undersigned denies without prejudice Respondents' motion to set aside the show-cause order.

**Discussion**

Petitioner presents thirty-three grounds for relief in his federal habeas petition. The parties do not dispute that the petition is a "mixed petition" that includes two unexhausted grounds for relief, grounds ten and thirty. In ground ten, Petitioner urges that the Missouri Department of Corrections ("DOC") calculated an incorrect amount of time he must serve with respect to the forcible rape and stealing convictions and memorialized the incorrect calculation on Petitioner's DOC "face sheet."[1] In ground thirty, Petitioner contends the DOC improperly restricts Petitioner's visitors to persons over eighteen years old ("visitation claim"). There is no dispute that these two grounds may now be presented to the state courts. See Harrell v. Missouri Dep't Corr., 207 S.W.3d 690 (Mo. Ct. App. 2006) (addressing an appeal in a prisoner's declaratory judgment action challenging the DOC's calculation of the prisoner's mandatory minimum prison term) and Neal v. Camper, 647 S.W.2d 923 (Mo. Ct. App. 1983) (finding that a prisoner's petition for injunctive relief challenging a visitation restriction stated a claim for relief against the prison's warden).

Respondents move for dismissal of Petitioner's entire petition under Rose v. Lundy, 455 U.S. 509 (1982). Petitioner moves for a stay and abeyance of this proceeding under Rhines v. Weber, 544 U.S. 269 (2005). Petitioner alternatively asks the Court to delete the two unexhausted grounds for relief and to proceed with consideration of the thirty-one exhausted

---

[1] The Missouri Court of Appeals has explained that:

> [a] face sheet is a document generated by the [DOC] that shows the offenses for which a prisoner has been convicted, when the [DOC] received the prisoner, what jail-time credit a prisoner has received, and a maximum release date. The [DOC] calculates a maximum release date for each conviction by starting with the date a prisoner is received, subtracting any jail-time credit the prisoner is entitled to, and then adding the imprisonment term the prisoner received at sentencing.

Elliott v. Norman, 464 S.W.3d 227, 236 n.11 (Mo. Ct. App. 2015). A copy of Petitioner's face sheet is available in the record. (See Post-Conviction Legal File, Resp'ts Ex. F, at 42-44 and 114-16 [Doc. 16-7 at 44-46 and 116-18].)

grounds. Petitioner seeks the opportunity to pursue the unexhausted grounds in state court.

In Rose, supra, which was issued before the passage of the AEDPA, the United States Supreme Court held that a mixed habeas petition must be dismissed without prejudice to permit the petitioner the opportunity to present an unexhausted claim to the state court before pursuing federal habeas relief based on that claim. Rose, 455 U.S. at 522 ("we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims"). While acknowledging that a prisoner could "amend the petition to delete the unexhausted claims," the Court noted that, by doing so, the prisoner "would risk forfeiting consideration of his unexhausted claims in federal court." Id. at 520.

After passage of the AEDPA, the Supreme Court revisited the impact on a federal habeas proceeding of the presence of unexhausted claims in a mixed petition and, more specifically, the interplay of the AEDPA and the decision in Rose. Rhines, supra. The Court noted that Rose was decided prior to the AEDPA, which imposes a one-year statute of limitations on the filing of federal habeas petitions. Rhines, 544 U.S. at 274-75. To address the likelihood that the one-year statute of limitations would run before a prisoner could present unexhausted claims to the state courts, the Supreme Court concluded that a "stay and abeyance" for a limited period of time is available in certain mixed-petition cases subject to the AEDPA. Id. at 275-77. In particular, a district court may grant a stay and abeyance for a short time when it "determines there was good cause for the petitioner's failure to exhaust his claims first in state court[;] . . . [the] unexhausted claims are [not] plainly meritless[;] . . . and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277-78. If the district court concludes that a stay and abeyance is inappropriate, then it "should allow the petitioner to delete the unexhausted claims

3

and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. at 278. Consistent with Rhines, this court considers whether Petitioner: (1) timely filed his federal habeas petition, and (2) satisfied the three Rhines factors. If a stay is not warranted, then this court determines whether dismissal of the entire petition unreasonably impairs Petitioner's right to obtain federal habeas relief.

As noted above, the AEDPA, which applies to this proceeding, contains a one-year limitations period. 28 U.S.C. § 2244(d). By Respondents' calculation, 317 days elapsed before Petitioner filed his habeas petition. (Resp'ts Response to Court Order at 2 [Doc. 27].) Thus, Petitioner timely filed this proceeding.

The court next considers whether Petitioner satisfied the three Rhines factors. With respect to the face sheet claim (ground ten), Petitioner contends good cause is demonstrated by his attorney's failure to raise that claim on direct appeal and his post-conviction attorney's failure to raise that claim in the post-conviction appeal. As to the visitation claim (ground thirty), Petitioner argues that the claim did not arise until after his post-conviction appeal and he was not aware of any state court remedy. These arguments do not establish good cause. See Vasquez v. Lockhart, 867 F.2d 1056, 1058 (8th Cir. 1988) (a prisoner's "pro se status and lack of familiarity with the American language and court system do not constitute cause" for failure to exhaust a state court remedy); Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988) (a prisoner's "pro se status and educational background" are insufficient cause for failing to exhaust a state court remedy). Additionally, these arguments do not sufficiently explain why Petitioner did not pursue a state court proceeding for declaratory and injunctive relief while his direct appeal and post-conviction motion proceedings were pending. Under the circumstances, a stay and abeyance is

4

inappropriate.[2]

Having concluded that a stay and abeyance is inappropriate, the court next determines whether the entire petition or only the unexhausted claims should be dismissed. The AEDPA's one-year limitations period has expired because more than a year has passed since Petitioner filed his habeas petition in December 2014. Therefore, Petitioner's exhausted claims would be time-barred if Petitioner attempted to refile them after presenting the two unexhausted claims to the state courts. Accordingly, "dismissal of the entire petition would unreasonably impair [P]etitioner's right to obtain federal relief." Rhines, 544 U.S. at 278; accord Lee v. Norris, 354 F.3d 846, 849 (8th Cir. 2004).

## CONCLUSION

The undersigned recommends dismissal without prejudice of Petitioner's two unexhausted claims and continued consideration of Petitioner's thirty-one exhausted grounds for relief. The undersigned denies without prejudice Respondents' motion to set aside the show cause order.

**IT IS HEREBY ORDERED** that Respondents' motion to set aside the show-cause order [Doc. 15] is **DENIED** without prejudice.

**IT IS FURTHER RECOMMENDED** that Respondents' motion to dismiss [Doc. 16] and Petitioner's motion for stay and abeyance [Doc. 22] be **DENIED in part** and **GRANTED in part** so that the two unexhausted grounds for relief, grounds ten and thirty, are dismissed without prejudice.

---

[2] Having concluded that Petitioner did not establish the first Rhines factor, the undersigned declines to address the remaining Rhines factors. See Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008) (concluding the court did not need to "reach the other two factors in the Rhines test" after holding the district court did not abuse its discretion in finding the petitioner "did not have 'good cause' for failing to exhaust" a claim); Josselyn v Dennehy, 475 F.3d 1, 5 (1st Cir. 2007) (not addressing the other Rhines factors after concluding that the petitioner had "not demonstrated good cause for failing to exhaust his closing argument claims").

The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), they have **fourteen days** to file written objections to the Recommendation and findings herein, unless an extension of time for good cause is obtained. **Failure to file timely objections may result in waiver of the right to appeal questions of fact.**

                                                PATRICIA L. COHEN
                                                UNITED STATES MAGISTRATE JUDGE

Dated this <u>9th</u> day of February, 2016.