# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER JAMES IVORY, | ) |
| Petitioner, | ) |
| vs. | ) Case no. 4:14cv02093 RWS/PLC |
| JAY CASSADY and CHRIS KOSTER, | ) |
| Respondents. | ) |

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Respondents' second motion for an extension ("second motion") [Doc. 38] to file their response to the court's Amended Case Management Order ("Amended CMO") [Doc. 34]. Respondents request an extension until June 10, 2016, to file their response on the grounds that their attorney was lead counsel for the State in the "stay-of-execution litigation involving Earl Forrest," whose execution occurred this past Wednesday, May 11, 2016. Petitioner objects to the requested extension and requests issuance of a certificate of appealability ("COA") [Doc. 37].

On February 26, 2016, the court issued a memorandum and order [Doc. 33] sustaining the report and recommendation [Doc. 31] and dismissing without prejudice two unexhausted grounds for relief, grounds ten and thirty. The court also entered an amended CMO referring the matter to the undersigned and setting new deadlines for the filing of Respondents' response to the petition and Petitioner's reply brief, if any. In particular, the Amended CMO provided Respondents forty-five days, or until April 11, 2016, to file their response to the petition.

On April 11th, Respondents filed their first motion for extension [Doc. 35], requesting leave to file their response by May 12, 2016. The undersigned granted that request. See Order,

filed Apr. 12, 2016 [Doc. 36]. The court thereafter received Petitioner's "objections to State's continuances and memorandum in support" ("objections") [Doc. 37]. The undersigned treats those objections as Petitioner's response to Respondents' second motion.

Petitioner first contends that Respondents' repeated requests for extension before and after the Amended CMO have "vexed" and "prejudiced" Petitioner, resulted in Petitioner suffering "physical pain," and violated Petitioner's constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as certain rights Petitioner argues he has under state law. These objections do not warrant denial of Respondents' requested one-month extension, which is reasonable under the circumstances.

In his objections, Petitioner also (1) contests certain conditions of his confinement, (2) asks that either this court or Respondents verify that a named witness did not testify at trial, and (3) requests a certificate of appealability. With respect to Petitioner's complaints regarding the conditions of his confinement, such complaints are not the proper subject of this habeas proceeding, in which Petitioner presents federal constitutional challenges to his confinement due to a state court conviction and sentence. See 28 U.S.C. § 2254(a). Furthermore, the presence or absence of a witness at trial will be apparent from a review of the trial transcript that Respondents will submit along with their response to the petition. See, e.g., Rule 5(c) of the Rules Governing Habeas Corpus Cases Under Section 2254.

Petitioner additionally requests a COA. A petitioner must obtain a COA for appellate review of a decision in a habeas case. See, e.g., Carter v. Hopkins, 151 F.3d 872, 874 (8th Cir. 1998) ("we may not review an order in a habeas proceeding involving a challenge to a detention arising out of process issued by state court unless a certificate of appealability is first issued"); 28

U.S.C. § 2253(c); Fed. R. App. P. 22(b). "The grant or denial of a certificate of appealability . . . is not discretionary. It is governed by statute . . . and no certificate can be granted unless the statutory criterion is met. If a certificate is not granted, a court of appeals is without jurisdiction to decide the issue." Watts v. Norris, 356 F.3d 937, 941 (8th Cir. 2004). A court may issue a COA after entry of a final order when there is a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). Importantly, consideration of a request for a COA under § 2253(c) "requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); accord Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (concluding that different findings are required for issuance of a COA depending on whether the court resolved a habeas claim on its merits or on procedural grounds). The undersigned recommends the denial of Petitioner's present request for a COA because the resolution of Respondents' second motion does not either implicate or resolve the merits or procedural status of any of Petitioner's habeas claims, and does not constitute a final order. See also Rule 11 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").

After careful consideration, the undersigned grants Respondents' second motion and directs Respondents to file their response to Petitioner's habeas petition no later than June 10, 2016.

Accordingly,

**IT IS HEREBY ORDERED** that Respondents' second motion [Doc. 38] is **GRANTED** so that their response to Petitioner's petition shall be filed on or before June 10, 2016. **No further**

**extensions will be granted.**

**IT IS FURTHER ORDERED** that, within forty-five days of the date Respondents file their response, Petitioner shall file his reply, if any.

**IT IS FINALLY RECOMMENDED** that Petitioner's request for a certificate of appealability [Doc. 37] with respect to the granting of Respondents' second motion be denied.

The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), they have **fourteen days** to file written objections to the Recommendation and findings herein, unless an extension of time for good cause is obtained.

                                                          PATRICIA L. COHEN
                                                         UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of May, 2016.